U.S. DISTRICT COURT
SO. DIST. AL.
36602
2000 OCT 11 P 5:32
FILED
CLERK'S OFFICE

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

**J.H. WRIGHT & ASSOCS., INC.,**

**Plaintiff,**

**v.**

**CIVIL ACTION NO. 00-0906-RV-L**

**ERIC R. ENGERSON, ROY ARSTON GRANT, PRECISION SYSTEMS, L.L.C., and PELICAN, L.L.C.,**

**Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff J.H. Wright & Assocs., Inc.'s "Verified Complaint for Temporary Restraining Order, Writ of Seizure, Injunctive Relief, and Damages" (Doc. 1), "Application for Temporary Restraining Order" (Doc. 2), "Plaintiff's Attorney's Certification Regarding Reasons Supporting Ex Parte Issuance of Temporary Restraining Order" (Doc. 3), "Motion for Immediate Issuance of Writ of Seizure" (Doc. 4), "Memorandum of Plaintiff in Support of Application for Temporary Restraining Order and Motion for Immediate Issuance of Writ of Seizure" (Doc. 5), "Motion for Preliminary Injunction" (Doc. 6), and "Motion for Leave to Take Immediate Discovery and to Shorten Time for

Response to Rule 34 Requests for Production of Documents and Tangible Items" (Doc. 7). These matters were referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) for report and recommendation.

Having reviewed the complaint and supporting documentation, it is recommended that the application for temporary restraining order be **DENIED** for the reasons set forth below. The motion seeking a preliminary injunction, motion for leave to take immediate discovery and the motion for immediate issuance of writ of seizure is hereby set for hearing on the time set forth below.

**Alleged Facts**

The plaintiff, J.H. Wright and Associates, Inc. is an Alabama corporation engaged in equipment sales and distribution primarily to municipalities and companies servicing the chemical and pulp and paper industries. The plaintiff has also developed another business which designs, fabricates, sells and maintains complete delivery systems to manage solids and fluids for its customers servicing the chemical and pulp and paper industries. According to the complaint the new line of business was operated under the trade name and trademark of Precise Systems and that a logo encompassing the name was developed to market their products. Plaintiff claims that two prior employees of Precise Systems have

recently left the employ of Plaintiff and are trading under the name of Precision Systems in competition with Plaintiff and that such action is in violation of the Lanham Act because the name was chosen by defendants to confuse the market. The Plaintiff also claims that the defendants have taken and disclosed confidential and proprietary information belonging to the plaintiff and have stolen other property belonging to the defendant.

The plaintiff claims that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition. Specifically, the plaintiff claims irreparable damage in two ways. First, that to continue to allow Defendants to use the trade name Precision Systems will irreparably damage the plaintiff's credibility in the industry. Second, that unless the items taken by defendant are returned immediately the plaintiff will be unable to fill pending orders and will thus suffer irreparable damage to their reputation. Moreover, the plaintiff asserts that the court should issue the temporary restraining order without notice to the Defendants in order to impede defendants from destroying, removing or hiding Plaintiff's property.

## Discussion

To be entitled to a temporary restraining order (TRO), a movant must show: (1)substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant and (4) the TRO would serve the public interest. *Sammy's of Mobile, Ltd. v. City of Mobile,* 928 F. Supp. 1116 (S.D. Ala 1996). Moreover, F. R. Civ. P. 65(b) provides that a TRO may be granted without written or oral notice to the adverse party only if it clearly appears from specific facts shown that immediate and irreparable injury will occur. While Plaintiff has claimed irreparable injury to his business reputation it is not clear from the face of the verified complaint that this injury is so immediate as to preclude the ability of the defendants to respond before the court restrains their ability to conduct business and seizes property alleged to be illegally in their possession.

Accordingly, it is recommended that the Motion for Temporary Restraining Order without notice to the defendants be **DENIED**. Plaintiff's Application for Temporary Restraining Order and Motion Preliminary Injunction is hereby set for hearing on **October 17, 2000, at 10:00 a.m.**, Courtroom 3B, Federal Courthouse, 113 St. Joseph Street, Mobile, AL. On or before **12:00 p.m. of October 16, 2000,**

Defendants must file responses to Plaintiff's application for temporary restraining order and motion for preliminary injunction, Plaintiff's motion for leave to take immediate discovery and Plaintiff's motion for immediate issuance of writ of seizure. Plaintiff must immediately serve a copy of this order on the Defendants or Defendants' attorneys if known. Service must be accomplished both by facsimile and by the United States Mail.

The attached sheet contains important information about this report and recommendation. Please note that any objection must be filed within 2 days.

DONE this 11th day of October, 2000.

KRISTI D. LEE
UNITED STATES MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION

1. **Objection**. Any party who objects to this recommendation or anything in it must, **within two days of the date of service of this document,** file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

DONE this 11th day of October, 2000.

**KRISTI D. LEE**
**UNITED STATES MAGISTRATE JUDGE**